IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY ANDERSON,

    Plaintiff,                    No. 2:09-cv-1637 JFM (PC)

    vs.

STATE OF CALIFORNIA           ORDER
DEPARTMENT OF CORRECTIONS
& REHABILITATION ("CDCR"),

    Defendant.
_____/

        Plaintiff is proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On June 19, 2009, plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

/////

---

[1] Plaintiff's custody status is unknown. It appears he is presently being held in the Solano County Jail, perhaps on a parole violation.

1

1   The court is required to screen complaints brought by prisoners seeking relief
2   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6   U.S.C. § 1915A(b)(1),(2).

7   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13  Cir. 1989); Franklin, 745 F.2d at 1227.

14  Plaintiff's complaint was filed with the court on June 12, 2009.  The court's own
15  records reveal that on June 12, 2009, plaintiff filed a complaint containing virtually identical
16  allegations against Gloria Curcio, plaintiff's parole agent.  (No. 2:09-cv-1636 GGH).[2]  On June
17  24, 2009, Case No. 2:09-cv-1636 GGH was transferred to the Northern District of California
18  because the named defendant and the claim both arose in San Francisco, which is in the Northern
19  District of California.

20  In the instant complaint, although plaintiff names the State of California and the
21  California Department of Corrections and Rehabilitation as defendants, all of the actions took
22  place in San Francisco and appear to be based on actions taken by Ms. Curcio and other peace
23  officers.  Plaintiff is advised that he must raise all claims that stem from the allegations against
24  Ms. Curcio in one action.  Thus, plaintiff should seek leave to amend his complaint in the

---

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 | Northern District of California if there are additional claims that arise from the actions taken by
2 | Ms. Curcio and other peace officers that are proceeding in Case No. 3:09-cv-2943.

3 |       Because all of the claims in the instant action arose from actions taken by Ms.
4 | Curcio that are proceeding in Case No. 3:09-cv-2943 in the Northern District of California, this
5 | court finds this action to be duplicative of Case No. 09-1636 GGH, and will recommend that the
6 | complaint be dismissed.

7 |       Accordingly, IT IS HEREBY ORDERED that
8 |       1. Plaintiff's request for leave to proceed in forma pauperis is granted; and
9 |       2. This action is dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b).
10 | DATED: July 7, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; ande1637.23